UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **GERALD WILLIAMS** <br>     **LA. DOC #228185** <br> **VS.** | **CIVIL ACTION NO. 09-0817** <br><br> **SECTION P** <br><br> **CHIEF JUDGE JAMES** |
| **WARDEN, DAVID WADE CORR. CENTER** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Gerald Williams, proceeding *in forma pauperis*, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on May 18, 2009. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the David Wade Corrections Center, Homer, Louisiana. He attacks his 2005 armed robbery conviction in the Fourth Judicial District Court, Ouachita Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Background*

On August 2, 2005, petitioner pled guilty to a charge of armed robbery. [rec. doc. 1, ¶3] On January 19, 2006, he was sentenced to serve 30 years at hard labor. [rec. doc. 1-4, p. 1] He did not appeal his conviction or sentence. [rec. doc. 1, ¶6]

On January 18, 2008, he filed a pro se application for post-conviction relief in the Fourth Judicial District Court. [rec. doc. 1-4, p. 1] Petitioner argued three claims for relief: (1)

involuntary guilty plea; (2) no factual basis for the guilty plea; and, (3) ineffective assistance of counsel. [rec. doc. 1-4, pp. 26-33] His application was denied on the merits by the District Court on April 25, 2008. [rec. doc. 1-4, p. 25] His writ application to the Second Circuit Court of Appeals [rec. doc. 1-4, pp. 15-24] was also denied on the merits. [rec. doc. 1-4, p. 14] His writ application to the Louisiana Supreme Court [rec. doc. 1-4, pp. 3-13] was denied as time-barred by the provisions of La. C.Cr.P. art. 930.8 on April 13, 2009. *State of Louisiana ex rel. Gerald Williams v. State of Louisiana*, 2008-1600 (La. 4/13/2009), 5 So.3d 161. [see also rec. doc. 1-4, p. 2]

On April 16, 2009, petitioner corresponded to the Supreme Court and argued that the Court erred in finding his application for post-conviction relief was untimely. Petitioner noted that he was sentenced on January 19, 2006, and therefore, his application for post-conviction relief, filed on January 18, 2008, was within the two-year period of limitation established by La. C.Cr.P. art. 930.8. [rec. doc. 1-4, p. 1] On June 5, 2009, the Supreme Court granted petitioner's request for reconsideration but again denied writs. *State ex rel. Gerald Williams v. State of Louisiana*, 2008-1600 (La. 6/52009), 9 So.3d 864.

While his request for reconsideration was still pending, petitioner, on May 18, 2009, filed the instant petition for writ of *habeas corpus*.

### *Law and Analysis*

### *1. Limitations*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999);

2

*In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

However, the statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], thirty days following January 19, 2006, (the date

---

[1] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of petitioner's claims was only recently discovered. Thus, the limitations period should not be reckoned from the events described in 28 U.S.C. § 2244(d)(1)(B), (C), and (D).

that petitioner was sentenced)[2] or, on or about February 21, 2006.[3] Under § 2244(d)(1) petitioner had one year from that date, or until February 21, 2007, to file his federal *habeas* petition.

Petitioner cannot rely on the statutory tolling provision of §2244(d)(2) because by his own admission, he did not file his first collateral attack in the state courts until January 18, 2008, [rec. doc. 1-4, p. 1], and by that time, although the 2-year State limitations had not expired, the 1-year AEDPA limitations period had already long expired. Neither that filing, nor any of his subsequent filings in the Second Circuit Court of Appeals or the Louisiana Supreme Court could toll the limitations period since these proceedings were filed <u>after</u> the AEDPA limitations period had already expired. As stated above, any lapse of time <u>before</u> the filing of his otherwise timely application for post-conviction relief must be counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Since a period of more than twelve un-tolled months elapsed between the date that petitioner's conviction became final and the date that his federal suit was filed, his federal *habeas corpus* claims are barred by the timeliness provisions codified at 28 U.S.C. §2244(d).

## 2. Equitable Tolling

The one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713

---

[2] See La. C.Cr.P. art. 914(b)(1) which provides, "The motion for an appeal must be made no later than [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

[3] The thirty day period expired on Saturday, February 18. That day and the following 2 days (Sunday February 19 and Monday February 20 or President's Day) were legal holidays and therefore the latest date petitioner could have filed a timely motion for appeal was Tuesday February 21, 2006.

(5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

The circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may

respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, July 23, 2009.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE